UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Patricia McFadden,                                    Court File No. 99-1357

          Plaintiff,

v.                                                    **JOINT ANSWER OF
                                                      MINNESOTA PUBLIC RADIO, AND
Minnesota Public Radio, a Minnesota                   MINNESOTA COMMUNICATIONS GROUP**
corporation and Minnesota
Communications Group, a Minnesota
corporation,

          Defendants.

---

      Minnesota Public Radio and Minnesota Communications Group, for their Joint Answer to the Complaint herein, state and allege as follows:

      1.     Defendants deny each and every allegation of the Complaint, except as otherwise admitted, qualified or excepted herein.

      2.     Defendants admit the allegations contained in paragraphs 1, 2, and 3 of the Complaint.

      3.     Defendants admit the allegations contained in paragraph 4 of the Complaint upon information and belief.

      4.     As to the allegations contained in paragraph 5 of the Complaint, Defendants affirmatively allege that Minnesota Public Radio is a tax-exempt nonprofit organization and admit the remaining allegations contained therein.

FILED OCT 28 1999
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

5. As to the allegations contained in paragraph 6 of the Complaint, Defendants affirmatively allege that Minnesota Communications Group is a tax-exempt nonprofit organization and admit the remaining allegations contained therein.

6. Defendants admit the allegations contained in paragraph 7 of the Complaint.

7. Defendants admit the allegations contained in paragraphs 8 and 9 of the Complaint on information and belief.

8. Defendants admit the allegations contained in paragraph 10 of the Complaint.

9. Defendants deny the allegations contained in paragraph 11 of the Complaint.

10. As to the allegations contained in paragraph 12 of the Complaint, Defendants admit that during some of her employment Plaintiff had the title "Coordinator" and that she was paid at the appropriate range for a Coordinator, affirmatively allege that Plaintiff was initially hired and paid as a part-time Administrative Assistant, and deny the remaining allegations therein.

11. Defendants deny the allegations contained in paragraphs 13, 14, 15, 16, 17, 18 and 19 of the Complaint.

12. Defendants allege that the allegations contained in paragraph 20 of the Complaint are not susceptible to a responsive pleading.

13. Defendants deny the allegations contained in paragraphs of 21, 22 and 23 of the Complaint.

14. Defendants allege that the allegations contained in paragraph 24 of the Complaint are not susceptible to a responsive pleading.

15. Defendants deny the allegations contained in paragraphs 25 and 26 of the Complaint.

16. Defendants allege that the allegations contained in paragraph 27 of the Complaint are not susceptible to a responsive pleading.

17. Defendants deny the allegations contained in paragraphs 28 and 29 of the Complaint.

18. Defendants allege that the allegations contained in paragraph 30 of the Complaint are not susceptible to a responsive pleading.

19. Defendants deny the allegations contained in paragraphs 31, 32 and 33 of the Complaint.

## FIRST DEFENSE - FAILURE TO STATE A CLAIM

20. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE - STATUTE OF LIMITATIONS

21. Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitation.

## THIRD DEFENSE - FAILURE TO MITIGATE DAMAGES

22. Plaintiff failed to mitigate her damages, if any.

## FOURTH DEFENSE - WAIVER

23. Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

## FIFTH DEFENSE - LEGITIMATE NON-DISCRIMINATORY REASON FOR ADVERSE EMPLOYMENT ACTION

24. All actions by Defendants were based upon legitimate, non-discriminatory business decisions.

## SIXTH DEFENSE - BEYOND THE SCOPE OF THE CHARGE

25. Plaintiff's claims are barred to the extent they exceed the scope of the administrative charges filed herein.

**WHEREFORE,** Defendants pray that Plaintiff take nothing by her Complaint and that they be awarded their costs, disbursements and reasonable attorneys fees herein.

FELHABER, LARSON, FENLON & VOGT, P.A.

Dated: 10-21-99            By *Karen Schanfield*
                              Karen G. Schanfield, #96350
                              Catharine F. Haukedahl, # 42432
                           601 Second Avenue South, Suite 4200
                           Minneapolis, Minnesota   55402-4302
                           (612) 339-6321

                           ATTORNEYS FOR DEFENDANTS

### ACKNOWLEDGMENT

The undersigned party by its attorney hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.21, subd. 2, to the party against whom the allegations in this pleading are asserted.

*Karen Schanfield*
Karen G. Schanfield

AFFIDAVIT OF SERVICE BY U.S. MAIL

STATE OF MINNESOTA    )
                      ) SS
COUNTY OF HENNEPIN    )

Joan E. Black, City of Champlin, County of Hennepin, State of Minnesota, being duly sworn upon oath, says that on the 21st day of October, 1999, she served the annexed

1. Joint Answer of Minnesota Public Radio and Minnesota Communications Group

on the following person(s) at their last known address by placing a true and correct copy of said documents in an envelope addressed to said person at his/her last known address, and placing said envelope with said contents in the United States Mail at Minneapolis, Minnesota:

Ms. Teresa K. Patton
Messerli & Kramer, P.A.
1800 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402-4218

*Joan E. Black*
Joan E. Black

Subscribed and sworn to before me this 21st day of October, 1999.

*Terri J. Hupp*
Notary Public

TERRI JO HUPP
NOTARY PUBLIC - MINNESOTA
ANOKA COUNTY
My Commission Expires 1-31-2000

663-1